## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____ *

**JUDY AMATUCCI**                *
1908 BAYSIDE DRIVE               *
CHESTER, MARYLAND 21619          *
                                 *
    Plaintiff,           *
                                 *
v.                               *    **Civil No.**
                                 *
**HOME BRIDGE FINANCIAL**        *    **JURY TRIAL DEMANDED**
**SERVICES,**                    *
3800 12th Street, NE             *    **COLLECTIVE ACTION**
Washington, DC 20017             *
                                 *
    Serve: CT Corporation     *
        1015 15th Street, NW    *
        Suite 1000              *
        Washington, DC 20005    *
                                 *
    Defendant.                *
_____ *

## COMPLAINT

### Preliminary Statement

1. This is a wage theft collective action case. Plaintiff Judy Amatucci ("Ms. Amatucci") was employed by Defendant Home Bridge Financial Services, Inc. ("Defendant" or "HomeBridge") as a loan processor between June 2006 and April 2010. Despite routinely working overtime during that period, HomeBridge failed to pay Ms. Amatucci for her overtime as required by the Fair Labor Standards Act and the D.C. Minimum Wage Revision Act. Instead, HomeBridge paid Ms. Amatucci for only forty (40) hours per week, no matter how many hours she actually worked. In addition, Defendant failed to compensate Ms. Amatucci

for her lunch periods, which were spent working for HomeBridge at her desk, and failed to provide her with any break periods.

2. HomeBridge is a home mortgage lender with nearly 1,400 employees in more than 90 retail branches nationwide which was fully aware of its responsibilities under the Fair Labor Standards Act and applicable local laws and flagrantly violated these laws for its own benefit.

3. Ms. Amatucci brings this Collective Action to recover damages for Defendant's willful failure to pay Ms. Amatucci and all similarly situated loan processor employees minimum and overtime wages, in violation of: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Wage Payment and Collection Act ("DCWPCL"), DC Code §§ 32-1301 *et seq.*; and the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code § 32-1001 *et seq.*

## Jurisdiction and Venue

4. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the events and omissions giving rise to Ms. Amatucci's claim occurred in the District of Columbia where Defendant employed Ms. Amatucci as a loan processor.

## Parties

6. Plaintiff is an adult resident of the State of Maryland.

7. Defendant Home Bridge Financial Services, Inc. is a New Jersey Corporation with its principal place of business in Iselin, New Jersey which does business in

the District of Columbia and employed Ms. Amatucci at its District of Columbia office located at 3800 12th Street, NE, Washington, DC 20017.

### Factual Allegations

8. Defendant maintains a national home mortgage business which includes a District of Columbia office located at 3800 12th Street, NE, Washington, DC 20017.

9. Ms. Amatucci was employed by Defendant at Defendant's District of Columbia office as a loan processor from June 2006 to April 10, 2014.

10. As a loan processor, Ms. Amatucci was a non-exempt employee who was responsible for receiving loans from the loan officers and packaging together the loans and necessary documents to prepare them for closings.

11. During her employment, Ms. Amatucci's work hours fluctuated, though they regularly exceeded forty hours per week—though Ms. Amatucci was only paid for 40 hours per week.

12. Initially, Ms. Amatucci was told that Defendant did not maintain timecards. Thus, she had no way to record the overtime which she worked.

13. In November 2013 corporate management officials visited the District of Columbia office and instructed employees that going forward they were to fill out timecards, but they were to never record more than forty hours on their timecards. This instruction was given even though the management officials were aware that Ms. Amatucci and similarly situated loan processors regularly worked more than forty hours per week.

14. The employees, including Ms. Amatucci, regularly worked more than 40 hours per week because the volume of loans which they were expected to process far exceeded that which they could complete within a forty-hour workweek.

15. Ms. Amatucci, as a loan processor, made a salary of $40,000 per year during the relevant time period within the statute of limitations from October 5, 2012 to April 10, 2014. This meant her hourly rate was $19.23 and her overtime rate of pay was $28.85.

16. After reviewing her E-Z Pass statements and records Ms. Amatucci was able to recreate the number of overtime hours she worked, which are as follows:

   a. October 2012 (Beginning on October 5, 2012): 50.24

   b. November 2012: 70.03

   c. December 2012: 64.79

   d. January 2013: 65.98

   e. February 2013: 62.07

   f. March 2013: 46.59

   g. April 2013: 72.83

   h. May 2013: 37.46

   i. June 2013: 75.35

   j. July 2013: 75.5

   k. August 2013: 54.76

   l. September 2013: 82.12

   m. October 2013: 63.61

   n. November 2013: 10

   o. December 2013: 40.79

    p.  <u>January 2014</u>: 75.02

    q.  <u>February 2014</u>: 57.66

    r.  <u>March 2014</u>: 61.75

    s.  <u>April 2014</u>: 18.86

17. The total number of hours of overtime worked by Ms. Amatucci was 1035.17.

18. The total amount of overtime owed to Ms. Amatucci is $29,864.65.

19. The total amount of liquidated damages owed to Ms. Amatucci under the Fair Labor Standards Act (FLSA) is $29,864.65.

20. The total amount of liquidated damages owed to Ms. Amatucci under District of Columbia quadruple damages is $238,917.20.

## Collective Action Allegations Under the FLSA and DCMWA

21. This action is maintainable as an "opt-in" collective action pursuant to FLSA, 29 U.S.C. § 216(b) and the DMCWA, D.C. Code § 32-1012.

22. Plaintiff brings these FLSA and DCMWA claims on behalf of herself individually, and on behalf of all past and present non-exempt employees who are loan processors who work or worked for HomeBridge ("Loan Processor Class").

23. The Loan Processor Class were together victims of a single policy and plan intended to deprive them of overtime wages they were owed by misclassifying them as exempt employees, failing to provide them with any apparatus to record time even though they were non-exempt employees entitled to overtime, and, once they were provided with timecards and properly classified, telling them to only record 8 hours of time per day even though HomeBridge was aware that the

Loan Process Class was routinely working more than forty (40) hours per week due to the volume of work assigned to them by HomeBridge.

**COUNT I**
**FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C.**

24. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

25. Plaintiff, and other similarly situated past and present employees of Defendant, are "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1). Similarly, Plaintiffs, and other similarly situated past and present employees of Defendant, are "non-exempt" employees within the meaning of the FLSA, 29 U.S.C. § 213.

26. Defendant is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

27. Pursuant to 29 U.S.C. § 207(a)(1), employers must pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty (40) hours in any one work week.

28. Defendant knowingly and willingly failed to pay Plaintiff, and other similarly situated past and present Loan Processor Class employees of HomeBridge, one and one-half times their regular rate for hours worked in excess of forty hours per work week.

29. Defendants further knowingly and willing violated the FLSA by failing to pay Plaintiff, and other similarly situated past and present Loan Processor Class employees of HomeBridge, any wages for hours worked in excess of forty hours per work week.

WHEREFORE, Plaintiff prays for relief in the form of a judgment against Defendant by awarding Plaintiff, and other similarly situated past and present Loan Processor Class employees of HomeBridge: compensatory damages, including unpaid overtime compensation; liquidated damages equal to the amount of unpaid overtime wages; damages; equitable relief; reasonable attorney's fees and expenses; court costs; and any other relief the Court deems proper.

<u>COUNT II</u>
**FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF**
**THE D.C. MINIMUM WAGE ACT, D.C. CODE § 32-1000 *et seq.***

30. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

31. Plaintiff, and other similarly situated past and present employees of Defendant, are "employees" within the meaning of the D.C. Code § 32-1002(2). Similarly, Defendant is an "employer" the within the meaning of the D.C. Code § 32-1002(3).

32. Pursuant to D.C. Code § 32-1003(c) employers must pay employees one and one-half times their regular hourly rate for hours worked in excess of forty (40) hours in any one work week.

33. Defendants knowingly and willingly failed to pay Plaintiff, and other similarly situated past and present Loan Processor Class employees of HomeBridge, one and one-half times their regular hourly rate for hours worked in excess of forty hours per work week.

34. Defendant further knowingly and willing violated the DCMWA by failing to pay Plaintiff, and other similarly situated past and present Loan Processor Class

employees of HomeBridge, any wages for hours worked in excess of forty hours per work week.

WHEREFORE, Plaintiff prays for relief in the form of a judgment against Defendants by awarding Plaintiff, and other similarly situated past and present Loan Processor Class employees of HomeBridge: compensatory damages, including unpaid overtime compensation; liquidated damages equal to the amount of unpaid overtime wages; damages; equitable relief; reasonable attorney's fees and expenses; court costs; and any other relief the Court deems proper.

## <u>COUNT III</u>
## FAILURE TO PAY WAGES IN VIOLATION OF D.C. WAGE PAYMENT AND COLLECTION LAW, D.C. CODE § 32-1302

35. Plaintiff realleges and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

36. Under D.C. Code § 32-1302, "[e]very employer shall pay all wages earned to his employees at least twice during each calendar month, on regular paydays designated in advance by the employer." Wages that must be paid at least twice a month on regular paydays, includes overtime wages.

37. Defendant violated D.C. Code § 32-1302 by failing to pay Ms. Amatucci all of her earned wages, including wages for her overtime hours, at least during twice during each calendar month.

WHEREFORE, Plaintiff prays for relief in the form of a judgment against Defendant awarding (1) compensatory damages in the amount of unpaid wages; (2)

liquidated damages in the amount of unpaid wages; (3) equitable relief; (4) costs and attorney's fees; (5) punitive damages and (6) any other relief the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief in the form of a judgment against Defendant awarding punitive damages and any other relief the Court deems proper and just.  Plaintiff, on behalf of herself and all others similarly situated, prays for judgment against Defendant as follows:

(a) Awarding actual compensatory damages for Defendants' statutory violations of the Fair Labor Standards Act, the D.C. Minimum Wage Act Revision Act, and the D.C. Wage Payment and Collection Law;

(b) Awarding liquidated damages in the amount of quadruple unpaid wages pursuant to D.C. Code § 32-1308 and/or D.C. Code § 32-1012;

(c) Awarding liquidated damages in the amount of unpaid wages pursuant to 29 U.S.C. § 216(b);

(d) Awarding equitable relief, including but not limited to, requiring Defendants to pay all of its employees overtime compensation and minimum wage as required by the laws of the District of Columbia;

(e) Awarding reasonable attorneys' fees, costs, and expenses of this action; and,

(f) Awarding such other relief as this Court deems just and proper.

## <u>JURY DEMAND</u>

Ms. Amatucci demands a jury trial of all issues so triable in this case.

Respectfully submitted,

_____/s/_____
Linda Hitt Thatcher, D.C.B. #415317
Robert J. Baror, D.C.B. # 987525

THATCHER LAW FIRM, LLC
Belle Point Office Park
7849 Belle Point Drive
Greenbelt, Maryland  20770
P: (301) 441-1400
F: (301) 441-9602

www.thatcherlaw.com

*Counsel for the Plaintiff, Judy Amatucci*