# EXHIBIT 1

SETTLEMENT AGREEMENT AND GENERAL RELEASE

This **SETTLEMENT AGREEMENT AND GENERAL RELEASE** ("Agreement") is

entered into by and between **JUDY AMATUCCI** ("Amatucci") and **HOMEBRIDGE**

**FINANCIAL SERVICES, INC.**, f/k/a **REAL ESTATE MORTGAGE NETWORK, INC.**

("HomeBridge"), having a principal place of business at 194 South Wood Avenue, Iselin, New

Jersey 08830 (collectively, the "Parties") this _____ 30ᵗʰ _____ day of December, 2015.

WITNESSETH:

WHEREAS, Amatucci was employed by HomeBridge as a loan processor from June 1,

2009 to April 10, 2014; and

WHEREAS, Amatucci filed a lawsuit entitled *Judy Amatucci v. Home Bridge Financial*

*Services*, in the United States District Court for the District of Columbia, Civil Case No. 15-CV-

1629 (the "Litigation"), asserting claims under the Fair Labor Standards Act, the District of

Columbia Wage Payment and Collection Law, and the District of Columbia Minimum Wage

Revision Act arising out of and relating to Amatucci's former employment with HomeBridge;

and

WHEREAS, HomeBridge denies any liability on the basis of any claims, asserted or

unasserted, in the Litigation;

WHEREAS, the Parties desire to settle and resolve any and all matters in controversy,

disputes, causes of action, grievances, claims, contentions and differences between them,

including but not limited to those claims asserted in the Litigation and otherwise, without further

litigation, without admitting wrongdoing of any kind, and solely to avoid the fees and expenses

resulting from further litigation;

NOW THEREFORE, in consideration of the mutual promises, releases and covenants hereinafter set forth and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.     Release:  Amatucci, on behalf of herself, her heirs, distributees, successors, assigns beneficiaries, executors, administrators, and/or representatives, agrees to irrevocably and unconditionally release and forever discharge HomeBridge, its respective affiliates, subsidiaries, parents, officers, directors, shareholders, agents, current and former employees, successors and assigns, insurers, heirs, beneficiaries, executors, administrators, and representatives (the "Releasees"), from any and all of claims of any kind or nature whatsoever, including, but not limited to, the claims set forth in the Litigation, claims relating to Amatucci's employment with and/or separation from HomeBridge, claims arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the District of Columbia Minimum Wage Revision Act, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), the District of Columbia Wage Payment and Collection Law, D.C. Code §§ 32-1001 *et seq.* ("DCWPCL"), the Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't §§ 20–601 *et seq.* ("MFEPA"), the Maryland Wage Payment and Collection Law, Md. Code Ann., Labor & Employment §§ 3-501 *et seq.* ("MWPCL"), the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA"), the Older Workers Benefit Protection Act, Pub. L. No. 101-433, 104 Stat. 978 ("OWBPA"), and applicable local, state, and federal laws or regulations, which Amatucci ever had, now has, or may have had, upon or by reason of any matter, cause or thing whatsoever from the beginning of time through and including the date on which this Agreement was signed by the Parties.  It is understood and agreed that this is a general release.

2

2.      <u>Settlement Amount:</u> Amatucci has allocated her settlement distribution of SIXTY THOUSAND DOLLARS ($60,000.00) (the "Settlement Amount") as follows:

a)      Within thirty (30) days of the Court granting the Parties' Joint Motion to Approve Settlement Agreement:

i.      One check in the gross amount of $20,000.00 payable to JUDY AMATUCCI as alleged lost wages, subject to all legally required withholdings. HomeBridge shall issue to Amatucci an IRS Form W-2 for this payment;

ii.      One check in the gross amount of $20,000.00 payable to JUDY AMATUCCI as alleged liquidated damages. HomeBridge shall issue Amatucci an IRS Form 1099 for this payment;

iii.      One check in the gross amount of $20,000.00 payable to THATCHER LAW FIRM, LLC, which shall represent Amatucci's attorneys' fees and costs. HomeBridge shall issue a Form 1099 to both Amatucci and THATCHER LAW FIRM, LLC for this payment.

Amatucci acknowledges this is a benefit to which she is not otherwise entitled. Amatucci further understands and agrees that the following are express conditions precedent to payment of the Settlement Amount: (a) Amatucci must present the executed Settlement Agreement and General Release to David E. Cassidy, Esq.; (b) Amatucci and her attorney must submit a completed and executed W-9 form from both Amatucci and Thatcher Law Firm, LLC to David E. Cassidy, Esq.; and (c) the dismissal of the Litigation with prejudice following the granting of the Parties' Joint Motion to Approve Settlement Agreement.

3.    NON-ADMISSION OF LIABILITY:   This Agreement and the promises and payments made pursuant to this Agreement are not, and shall not be deemed, an admission of liability or violation of any applicable law, contract provision, rule, regulation, or benefit plan, or an admission of any liability or wrongdoing whatsoever, or waiver of any defenses HomeBridge had or may have had in this Litigation.   HomeBridge expressly denies any such liability or violation.

4.    Dismissal of the Litigation:   Amatucci understands and agrees that this Agreement terminates the Litigation with prejudice and any and all claims related to the facts giving rise to the Litigation.   Amatucci further agrees that the Parties will file a Joint Motion to Approve Settlement Agreement within five (5) business days following the full execution of this Agreement.   The Parties' Joint Motion to Approve Settlement Agreement will seek review and approval of this Agreement, as well as the dismissal of the Litigation with prejudice, to the extent practicable under the law.   It is expressly acknowledged and understood that this Paragraph 4 constitutes a material term of this Agreement and that HomeBridge shall not be obligated to deliver the Settlement Amount to Amatucci and/or her attorneys, unless and until the Parties' Joint Motion to Approve Settlement Agreement is granted and the Litigation is dismissed with prejudice.   In the event that the Court does not approve this Agreement or approves it subject to conditions or modifications which are not acceptable to both Parties, the Parties shall attempt to negotiate in good faith in order to modify this Agreement in a form acceptable to both the Parties and the Court.

4

5.    **Fees and Costs:** Amatucci understands and agrees that the Parties are to bear their own fees and costs and that neither is a prevailing party under any applicable law, statute or regulation.

6.    **Taxes:** Amatucci understands and agrees that payment of monies herein set forth is in the nature of compensation for any and all claims including, but not limited to, alleged wages, personal injuries (pain and suffering), emotional distress injuries, liquidated damages, and counsel fees and costs claimed by her.  Amatucci has full and complete responsibility for any taxes, penalties or assessments of any kind, which may become due in connection with payments made under this Agreement for which HomeBridge did not withhold taxes.

Amatucci understands that certain taxing authorities may, subsequent to this Agreement, characterize payments made under this Agreement in a manner different from that which is intended by the parties and reflected in this Agreement.  Amatucci further understands and agrees to accept full, complete, sole and entire responsibility for any tax liability, interest or penalty that may be assessed against or incurred by the Releasees as a result of not withholding taxes on any monies paid pursuant to this Agreement, and Amatucci agrees to indemnify and hold harmless and pay to the Releasees an amount equal to such tax liability, interest or penalty, including Releasees' share of FICA should it be assessed against the Releasees for payments which HomeBridge issued a Form 1099.

9.    **Consultation of Counsel:** HomeBridge recommends to Amatucci that she consult with legal counsel prior to executing this Agreement.

10.    **Consideration Period:** Amatucci acknowledges that she has been given at least twenty-one (21) days from her receipt of this Agreement to consider whether or not to sign it.

Amatucci agrees that if she signed this Agreement before the expiration of this twenty-one (21) day period, she has done so voluntarily.

11. **Revocation Period**: Amatucci is aware that she may change her mind and revoke this Agreement at any time during the seven (7) day period immediately after the date upon which this Agreement is signed, in which case none of the provisions of this Agreement will have effect. Such revocation must be delivered by hand or sent by certified mail, post-marked before the end of the revocation period, to David E. Cassidy, Esq., Norris McLaughlin & Marcus, 721 Route 202-206, Suite 200, P.O. Box 5933, Bridgewater, NJ 08807. In the event that Amatucci exercises her right of revocation, she agrees to immediate repay to HomeBridge any amounts previously paid to her on her behalf pursuant to this Agreement.

12. **Remedies for Breach**: In the event that any party to this Agreement breaches, violates, fails or refuses to comply with any of the provisions, terms or conditions or any warranties or representations of this Agreement (the "Breach"), the non-breaching party is entitled to recover against the breaching party damages, including costs, expenses and reasonable attorneys' fees accruing to the non-breaching party as a consequence of the Breach (including those incurred during appeals and collection proceedings).

13. **Recovery of Payments**: Amatucci understands and agrees that if she breaches any provisions of this Agreement, in addition to any other legal or equitable remedy HomeBridge may have, HomeBridge shall be entitled to recover any payments made to Amatucci or on her behalf pursuant to Section 2, and Amatucci shall reimburse HomeBridge for all its reasonable attorney's fees and costs incurred by it arising out of such breach.

6

14.    Counterparts: This Agreement may be executed in one or more counterpart originals, whether by facsimile or otherwise all of which, taken together, shall constitute one and the same instrument.  Facsimile or electronically transmitted signatures shall have the same force and effect as originals for all purposes.

15.    Entire Agreement: The Parties hereby acknowledge and agree that this Agreement constitutes and contains the exclusive and entire agreement and understanding between tem concerning Amatucci's employment with HomeBridge, the termination thereof, the circumstances attendant thereto, and the other subject matters addressed herein between the parties, and supersedes all prior negotiations and all agreement proposed or otherwise, whether written or oral, concerning the subject matters hereof.

16.    Modification: This Agreement may not be waived, changed, modified, abandoned, or terminated, in whole or in part, except by an instrument signed by an authorized representative of HomeBridge and by Amatucci.

17.    Receipt and Effective Date: Amatucci hereby acknowledges that this Agreement was presented to her on December _____, 2015.  This Agreement shall not become effective or enforceable until the expiration of the seven-day revocation period set forth above.

7

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as of the date first written above.

JUDY AMATUCCI

HOMEBRIDGE FINANCIAL SERVICES, INC.

By: _____

Title: Joseph Sheridan, COO

8